**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**TERRY R. CHAPMAN** *
*
**v.** * **Civil Case No. WMN-14-3761**
*
**COMMISSIONER, SOCIAL SECURITY** *
*
*************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered both parties' filings, which include two motions for summary judgment filed by Mr. Chapman and one filed by the Commissioner, along with Mr. Chapman's response. [ECF Nos. 16, 23, 25, 27]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that the Commissioner's motion be granted and Mr. Chapman's motions be denied.

Mr. Chapman filed his first application for Disability Insurance Benefits ("DIB") in March, 2007, alleging a disability onset date of March 1, 2006. (Tr. 108-10). His application was denied initially and on reconsideration. (Tr. 59-61, 64-65). After a hearing on July 14, 2009, an Administrative Law Judge ("ALJ") issued an opinion denying benefits. (Tr. 17-39, 45-53). The Appeals Council denied review, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1-3). Mr. Chapman sought judicial review on December 19, 2010,

and this Court remanded the case on December 21, 2012 for further administrative proceedings. (Tr. 522-25).

In the interim, Mr. Chapman had filed a subsequent application for benefits in March, 2010, alleging disability beginning August 1, 2009 (just after the first ALJ opinion). (Tr. 823-26). The new claim was also denied initially and on reconsideration. (Tr. 723-25, 727-28). After a hearing, an ALJ issued an opinion again denying benefits. (Tr. 529-34, 680-85). Mr. Chapman filed an appeal to this Court, and the case was remanded to the Commissioner. (Tr. 522-25). On February 11, 2013, the Appeals Council vacated both prior ALJ decisions and consolidated the applications for consideration. (Tr. 515-20, 703-07).

An ALJ held a third hearing on November 26, 2013. (Tr. 577-639). On January 16, 2014, the ALJ issued a written opinion again denying Mr. Chapman's claims. (Tr. 497-513). The Appeals Council denied review, making the ALJ's 2014 decision the final, reviewable decision of the Agency. (Tr. 485-87).

In that 2014 opinion, the ALJ found that, during the relevant time frame, Mr. Chapman suffered from the severe impairments of bilateral pes planus, hind foot valgus deformity, bilateral chronic ankle sprains, and right shoulder rotator cuff tear. (Tr. 502). Despite these impairments, the ALJ determined that Mr. Chapman retained the residual functional capacity ("RFC") to "perform sedentary work as defined in 20 CFR 404.1567(a)." (Tr. 505). The ALJ further determined that Mr. Chapman was capable of performing his past relevant work as a claims representative/specialist, and thus that he was not disabled. (Tr. 508-09).

Mr. Chapman's primary argument on appeal is that he had received a 100% disability award by the Veteran's Administration ("VA"), which he argues should translate to an award of

disability from Social Security.[1] [ECF Nos. 16, 23, 27]. However, the law does not require that Social Security follow another agency's determination, so long as the determination is considered and the deviation is explained. *See Bird v. Commissioner, Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012) ("However, under the regulations implementing the Social Security Act, although the SSA will accept another agency's disability determination as evidence of a claimant's condition, that agency's decision is not binding on the SSA."). Here, on remand, the ALJ assigned "partial weight" to the VA assessment of total unemployability. (Tr. 508). The ALJ cited to other record evidence in support of the ALJ's determination that Mr. Chapman remained capable of sedentary work, including evidence regarding his ability to walk without a cane, the VA's own assessment that Mr. Chapman remained capable of a light, sedentary sit-down job, and the advice from Mr. Chapman's social worker that he should remain in his prior job until he found a new job that he preferred. *Id.* In light of the substantial evidence cited by the ALJ, I find no error in the evaluation of the VA disability rating. The Commissioner correctly notes that the ALJ did not expressly discuss the VA certification letter of September 13, 2007. (Tr. 1163). However, a review of that letter demonstrates that it simply confirms the finding in the August 21, 2006 rating decision that was addressed by the ALJ, and did not constitute an independent determination of disability requiring further discussion. *Id.*

In addition, because Mr. Chapman appears *pro se*, I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision

[1] Mr. Chapman also argues that his medical conditions are worsening over time. [ECF No. 16 at 6]. This Court is limited to review of the ALJ's 2014 decision and the evidence existing at that time. Consideration of medical evidence for conditions worsening after that date would have to be considered by way of a new application for benefits, although Mr. Chapman's date last insured is now long past.

generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). The function of this Court is not to review Mr. Chapman's claims *de novo* or to reweigh the evidence of record. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Coffman*, 829 F.2d at 517; *see also* 42 U.S.C. § 405(g). While there may be substantial evidence in the record that would support a finding of disability, in addition to substantial evidence refuting such a finding, this Court should not disturb the ALJ's conclusion so long as it is one of the conclusions supported by substantial evidence. For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Chapman's favor at step one and determined that he did not engage in substantial gainful activity between his alleged onset date of March 1, 2006, and his date last insured of September 30, 2011. (Tr. 502); *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Mr. Chapman claimed prevented him from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that several of Mr. Chapman's alleged impairments were severe. *Id.* The ALJ further determined that Mr. Chapman's history of delusional disorder, depression, osteoarthritis in his right hand, back pain, vision issues, hypertension, high cholesterol, sleep apnea, stomach disorder, chest discomfort, hemorrhoids, and bilateral chondromalcia of the knees were non-severe. (Tr. 503). Any step two error as to consideration of the physical impairments is

harmless, since the ALJ identified other severe impairments at step two and properly considered all impairments, both severe and non-severe, in formulating Mr. Chapman's RFC assessment. (Tr. 505). As to the mental impairments, the ALJ applied the appropriate special technique, finding only mild limitations and citing to record evidence to support his conclusions in each functional area. (Tr. 504). Accordingly, I find no basis for remand.

At step three, the ALJ determined that Mr. Chapman's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 504-05). Although the ALJ did not identify the listing numbers considered, it is clear from the analysis that the ALJ evaluated the specific requirements of Listing 1.02, which pertains to major dysfunction of a joint. (Tr. 504).[2] The ALJ did not cite to record evidence in the listing section of the opinion, but he expressly referenced the RFC assessment, in which he provided a detailed summary of the medical evidence relating to Mr. Chapman's joint impairments. (Tr. 504-05, 506-08). Specifically, the ALJ cites evidence that Mr. Chapman had "upper and lower extremity strength of 5/5, with the right upper extremity strength of 4/5," and a finding by a consultative examiner that Mr. Chapman does not need a cane. (Tr. 506). The ALJ also cited findings in several x-rays and an MRI, and noted the fact that Mr. Chapman complained of shoulder pain after lifting heavy furniture in September, 2009. (Tr. 506-07). The record, as summarized by the ALJ, does not contain ample evidence to suggest that Listing 1.02 could be met. Thus, I find no error.

In considering Mr. Chapman's RFC assessment, the ALJ summarized his subjective complaints that he alleges prevented him from maintaining his employment as a staff worker for the Social Security Administration. (Tr. 505). However, the ALJ determined that Mr.

[2] Notably, The ALJ found that, "The claimant's medical conditions do not meet or equal any listings because there is no indication of any major dysfunction of a joint characterized by a gross anatomical deformity and chronic joint pain and stiffness, resulting in an inability to ambulate effectively or an inability to perform fine and gross manipulations…." (Tr. 505). This language essentially mirrors the language of Listings 1.02(A) and (B) for major dysfunction of a joint in the lower and upper extremities, respectively. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1.

Chapman's subjective complaints were not entirely credible. (Tr. 506). The ALJ cited to the fact that the record did not indicate a prescription for use of a cane, the fact that Mr. Chapman lived independently in a town house and took care of his own activities of daily living, the fact that he could occasionally attend church, remain active in a fraternity, and socialize occasionally, and the fact that he was able to use a computer. (Tr. 506-07). The ALJ also cited to the medical evidence of record, which reflected only mild to moderate findings on objective radiological testing and relatively minimal findings on clinical examination. *Id.* The ALJ thus provided a thorough credibility analysis, explaining his reasons for discounting Mr. Chapman's complaints.

In assessing Mr. Chapman's RFC, the ALJ also considered all of the opinion evidence in the record, providing substantial evidence in support of the weight he accorded each opinion. The ALJ assigned "greatest weight" to the opinion of State agency medical consultants Drs. Brown and Payne, who found Mr. Chapman's psychological impairments to be non-severe. (Tr. 507). The ALJ cited to the evidence he found to corroborate those conclusions, including indications of medical non-compliance with mental health medications and ability, despite the non-compliance, to live independently, socialize, travel occasionally and via public transportation, and maintain doctors' appointments. *Id.* The ALJ also assigned "little weight" to the opinion of Dr. Moore, another State agency medical consultant, who found Mr. Chapman to have mild-to-moderate psychiatric symptoms. (Tr. 507). The ALJ reiterated the evidence he relied upon to find that Mr. Chapman's mental limitations were no more than mild. *Id.* Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Chapman's position, I am not permitted to reweigh the evidence

or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence, because the treatment records and testimony regarding Mr. Chapman's activities of daily living provide ample support for the conclusions drawn by the ALJ.

As for the physical opinion evidence, the ALJ assigned "little weight" to the assessments from the State agency medical consultants, which found Mr. Chapman to be capable of work at the medium and light exertional levels. (Tr. 508). The ALJ instead found greater exertional limitations to apply, and credited the VA assessment that Mr. Chapman would be limited to sedentary work. *Id.* However, because Mr. Chapman's past relevant work fell within the category of sedentary work, he was deemed capable of performing that job and was not found to be disabled under the applicable standards.[3] *Id.* Remand is therefore unwarranted.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY Mr. Chapman's Motions for Summary Judgment [ECF Nos. 16, 23]; GRANT Defendant's Motion for Summary Judgment, [ECF No. 25]; AFFIRM the decision of the Commissioner pursuant to 42 U.S.C. § 405(g); and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

---

[3] The ALJ appropriately analyzed Mr. Chapman's past relevant work although, had his past relevant work been at a greater exertional level, he may have qualified for disability under the Medical Vocational Guidelines upon attainment of various age categories. The fact that his past relevant work was sedentary meant that he could not qualify for disability benefits unless he lacked the RFC to perform the full range of sedentary work.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: January 7, 2016

/s/
Stephanie A. Gallagher
United States Magistrate Judge